27 C.C.P.A.(Patents)

### In re KOKATNUR.
### Patent Appeal No. 4261.

Court of Customs and Patent Appeals.

Feb. 26, 1940.

Frederic P. Warfield, of New York City, for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the claims— Nos. 1 and 4 to 10, inclusive—in appellant's application for a patent for an alleged invention relating to an emulsified motor fuel and a method of making the same.

Claims 1, 4, 5, 6, 8, and 9 are illustrative of the appealed claims. They read:

"1. An emulsified motor fuel consisting of a hydro-carbon oil, water and a soap made from an amino compound."

"4. A motor fuel consisting of gasolene and water, the amount of water present being less than 50% by weight and an emulsifying agent for emulsifying the oil and water with the oil in the continuous phase, said agent comprising an ammonia or amino compound soap, said soap being present in amounts from 1 to .3% of the emulsion.

"5. A method of making fuel which consists in emulsifying oil and water with oil in the continuous phase by the use of an emulsifying agent comprising an amino compound soap.

"6. A fuel base to which water is adapted to be added before burning, comprising a hydro-carbon oil containing a small amount of ammonia soap."

"8. A method of making a concentrated emulsifying compound for emulsifying relatively large quantities of hydro-carbon oil and water, which consists in emulsifying

a minute quantity of oil and water with a great excess of an emulsifying agent comprising an amino compound soap, said soap being present in sufficient quantities to constitute from 1 to 3% of the total batch of oil and water to be emulsified by the concentrated emulsifying solution.

"9. ·A method of making a fuel comprising an emulsion of hydro-carbon oil and water with oil in the continuous phase, which consists in dissolving a fatty acid such as oleic acid in the oil, introducing ammonia into the water and then slowly adding water to the oil."

The references are: Explosions-Turbine (Ger.), 298,309, June 15, 1917; Kirschbraun, 1,692,176, Nov. 20, 1928; Schieweck (Ger.), 488,934, Jan. 13, 1930.

Appellant's motor fuel comprises hydrocarbon oil, water, and an amino compound soap, the water being present in amounts up to 50 per centum and the soap from 1 to 3 per centum. The fuel is of the type known as a *water-in-oil* emulsion "wherein the oil is in the external or continuous phase [the water being dispersed in the oil]," rather than an oil-in-water emulsion wherein oil is dispersed in the water.

The emulsifying agent used in appellant's fuel is soap made from an "amino compound," which compound, it is stated in appellant's specification, includes "not only soaps containing ammonia or amides, but soaps containing any derivative or derivatives of organic amines." The oil used by appellant is stated in his specification to be "gasolene, kerosene, crude oil, solvent naphtha, or a coal tar derivative, such as benzene, or it may be one of the naphthenic petroleum oils."

In describing the method of making the involved motor fuel, appellant states in his specification that—"In accordance with a preferred embodiment of the invention I could procure or prepare an ammonia soap or amine compound soap and *partially dissolve this soap in the fuel oil.* The amount of soap used will not exceed 3% of the oil. *The desired amount of water is then added slowly and gradually and by agitation of the mixture the emulsion is formed. The principal reason for adding the water slowly is to eliminate any reversion of phase, that is to say, prevent the formation of an emulsion with water in the continuous phase. The amount of water added may vary considerably.* I have discovered that the addition of more than 50% of water is apt to cause reversal of phase and in practice I have also discovered that 25% by weight of water gives highly satisfactory results." (Italics ours.)

Appellant's application also discloses what is termed a "base fuel," which, as stated in appealed claim 6, comprises a "hydro-carbon oil containing a small amount of ammonia soap" to which water is added in order to produce an emulsified motor fuel.

The principal reference relied upon by the Primary Examiner and the only one discussed in the decision of the Board of Appeals is Explosions-Turbine (Ger.), 298,309.

That reference discloses an emulsified motor fuel, and teaches that, although "heavy and middle hydrocarbon oils such as crude petroleum, anthracite—and lignite coal tars as well as their higher boiling distillation products such as illuminating petroleum, gasoline, etc." are generally not suitable for use as fuel in internal combustion engines, such hydrocarbon oils may, by converting them into emulsions, be used for fuel in such engines. It is stated in the patent that "The formation of the emulsion is effected by the addition of water accompanied by emulsification or substances promoting or sustaining solubility, in particular soap. In order to secure a lasting state of emulsion or solution the *soaps of oleic acid,* if need be in conjunction with alcohol, have proven to be especially suitable. * * * As particularly effective emulsion agents for the foregoing purpose and economical to use too good service is to be had from the *soaps of oleic acid.* For the purpose of obtaining as long a durability as possible it is well to allow the soap to form within the hydrocarbon itself. For this purpose we proceed in such a way that *oleic acid* is first dissolved in a portion of the hydrocarbon mixture and then with intimate mixing in equivalent amount we add the *alkali* with the water, whereupon, finally, the rest of the hydrocarbons is admixed. The concentration of the solution is dependent on the desired water content of the finished fuel which as a rule does not amount to more than 10 per cent. In order to avoid the formation of solid combustion residues it is advantageous to use the *ammonia soap of oleic acid* which we permit to form, in the manner described within the hydrocarbons." (Italics ours.)

It is stated in claim 6 of the patent that the "emulsifying agent consists of an ammonia soap, preferably ammonium oleate."

It is argued here by counsel for appellant, as it apparently was before the Primary Examiner and the Board of Appeals, that the German patent No. 298,309, hereinbefore discussed, does not disclose an emulsion of the *water-in-oil* type, but rather an emulsion of the *oil-in-water* type, and that the reference patent does not *teach* (it is not contended that it does not *disclose) the use* of an amino soap as an emulsifying agent, counsel stating in his brief that if the proper precautions are not taken, an amino soap "gives an oil in water emulsion, as is pointed out in appellant's specification. In view of this fact, if the German patentee had actually used the amino soap with the proper precautions, he would not have failed to observe the extremely novel characteristics of the product. His failure to observe this must be interpreted to mean that he never tried it."

In view of the fact that the German patentee not only disclosed the use of "ammonia soap of oleic acid" as an emulsifying agent, but, in claim 6 of the patent, specifically claimed "amonia soap, preferably ammonium oleate [an amino soap]" as an emulsifying agent, which soap, as stated by the Primary Examiner, is the emulsifying agent used by appellant (see appealed claim 9), the argument of counsel that the patentee did not *teach* the use of an amino soap as an emulsifying agent would seem to be somewhat contentious.

In holding that the German patent No. 298,309 not only discloses an emulsion of the water-in-oil type but also an amino soap as an emulsifying agent, the Primary Examiner said:

"*Applicant uses ammonium oleate to form his fuel emulsion,* and argues that this soap alone forms emulsions of the water-in-oil type, and other alkali metal soaps of oleic acid form the reverse oil-in-water type of emulsion. Applicant contends also that since the alkali metal soaps are inoperative to form his type of emulsion, the suggestion to use ammonium oleate, was merely an untried equivalent of an otherwise inoperative disclosure by the patentee. Applicant further points out that the fuel used by the patentee is cheap tar oil obviously not the equivalent of his light gasoline and pure diesel oils of the alleged invention.

"These arguments are considered to be insufficient to overcome this reference. *It is conceded that an emulsion with water in the external phase would be inoperative,* but the patentee, while failing to state which type of emulsion is used, is considered to teach the operative water-in-oil type. The reasons for this assumption are that the patentee teaches that his emulsion is a light liquid which can be burned in a motor notwithstanding the hydrocarbon is a heavy oil or tar. This would not be possible for such heavy hydrocarbons unless considerably thinned by the body of water contained therein. The patentee states that his emulsion is readily diluted with kerosene or alcohol. If the oil is the external phase the kerosene would readily dilute it, but with water in the external phase kerosene could not dilute it. It is observed however, that the alcohol mentioned as a diluent must have been substantially dry to dilute oil in the external phase without destroying the emulsion and converting the same to a homogeneous solution. Another point is that if water were in the external phase and the heavy tar oils were dispersed therein the ratio of 10 to 90 water to oil, such emulsion would be heavy and tarry and not a light liquid as described by the patentee. Hence, from the general description of his emulsion and the fact that the patentee indicates his emulsion to be operative, the emulsion of the patentee is considered to be similarly of the water-in-oil type.

"The same conclusion is reached from the fact that the patentee clearly proposes to use the same emulsifying agent, ammonium oleate, to form his emulsion in the same way as applicant. Even if the other alkali metal soap emulsifying agents of the patentee were inoperative, use of the operative ammonia soap emulsifying agent would reproduce applicant's operative product." (Italics ours.)

The Board of Appeals concurred in the views expressed by the Primary Examiner relative to the disclosure in the German patent No. 298,309.

In support of his contention that the German patent No. 298,309 discloses an emulsion of the oil-in-water type, rather than an emulsion of the water-in-oil type defined by the appealed claims, counsel for appellant states in his brief that "the Examiner drew the conclusion that the emulsion [defined in the reference] must be of the water in oil type in order to be diluted

**650**

with kerosene or alcohol (Rec. 12). This conclusion is based on two wrong assumptions, first, that dilution necessarily implies miscibility and, second, that only a water in oil emulsion can be diluted with oil. A water in oil emulsion can be diluted with water or oil, but it is miscible only with oil. Conversely, an oil in water emulsion can also be diluted with oil or water but is miscible only with water. Thus it appears that this part of the Examiner's rejection is based upon an unwarranted interpretation from the German reference and upon unsound chemistry." It is further stated in the brief of counsel that all the conclusions drawn by the Primary Examiner and his reasons therefor are unsound.

All of the appealed claims, with the exception of claim 4 which is limited to gasoline, relate broadly to hydrocarbon oils.

The patent to Kirschbraun discloses the use of gasoline in an emulsified motor fuel of the water-in-oil type, although the patentee does not specifically mention the use of an amino soap in his motor fuel.

Counsel for appellant argued before the tribunals of the Patent Office and argues here that the German patent No. 298,309 is not a proper reference because it discloses the use of only the cruder hydrocarbon oils.

Relative to that argument, the Primary Examiner stated: "As to the argument that applicant uses pure hydrocarbon such as gasoline or diesel oil, it is noted that while it is true that the patentee does propose to use the cruder, cheaper hydrocarbon oil the proposal for this use is based upon the admission of prior use of gasoline in an emulsion so that use of gasoline rather than the crude hydrocarbon oils of the patentee is considered to be clearly suggested to one skilled in the art. Certainly by modern standards of invention it could not be inventive to use a lighter more readily combustible more expensive fuel base such as modern gasoline in any known fuel composition as a substitute for crude heavy less combustible oil constituents therein."

It is further argued by counsel for appellant that as the German patent No. 298,309 is a foreign reference it "must be taken for exactly what it shows on its face, and cannot be reconstructed to anticipate the patent in suit," as held in the case of Simplex Piston Ring Co. v. Hamilton, D. C., 21 F.2d 196, 199. Other cases cited

by counsel for appellant in support of that doctrine need not be cited nor discussed here, as we are of opinion that the tribunals of the Patent Office neither reconstructed nor amplified the German patent No. 298,309 in their consideration of it as a reference in the case at bar, but, on the contrary, concluded that the appealed claims were not patentable in view of the actual disclosure in that patent.

In this court counsel for appellant, in challenging the Primary Examiner's analysis of the German patent No. 298,309, not only relies solely upon highly technical arguments but cites no authority in support thereof.

It is true that it is not expressly stated in the German patent No. 298,309 that the emulsified motor fuel disclosed therein is of the water-in-oil type. However, after a careful consideration of that patent, we are unable to conclude that the tribunals of the Patent Office erred in holding that the emulsified motor fuel disclosed therein is of the water-in-oil type.

We are of opinion, therefore, that the German patent No. 298,309 is a proper reference, and that the appealed claims are not patentable.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.